**Cynthia MAGUIRE and Joseph Maguire, Appellants,**

v.

**Dr. Clark TAYLOR, DDS, MD; and Quain and Ramstad Clinic, P.C., Appellees.**

No. 90–5581.

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1991.

Decided Aug. 2, 1991.

Thomas Schoppert, Minot, N.D., and Robert McRea, Vernal, Utah, for appellants.

Lance Schreiner, Bismarck, N.D., for appellees.

Before LAY, Chief Judge, RONEY,* Senior Circuit Judge, and WOLLMAN, Circuit Judge.

PER CURIAM.

Cynthia Maguire and her husband, Joseph Maguire, brought a malpractice claim against Dr. Clark Taylor arising out of facial surgery on Cynthia Maguire. Federal jurisdiction was based on diversity of citizenship, under 28 U.S.C. § 1332 (1988). The district court granted Dr. Taylor's motion to dismiss the medical malpractice claims raised by Maguire because the record failed to support the claims. The court held that Maguire could not establish negligence and could not rely on res ipsa loquitur to establish negligence under North Dakota law. Maguire appeals. We affirm.

Maguire was referred to Dr. Taylor by her orthodontist for an evaluation of a misalignment of her upper and lower jaws. Dr. Taylor, an oral maxillofacial surgeon, recommended a surgical procedure that involved cutting and lengthening the lower jaw and widening the upper jaw. Maguire alleges that Dr. Taylor did not explain the procedure to her. Dr. Taylor's office notes reflect that Maguire was informed of the risks and benefits of the surgery. Maguire's own expert, Dr. Thomas G. Walsh, testified in his deposition that Maguire was adequately informed about the risks and benefits of the surgery. The surgery was performed on August 14, 1987. Five days later there was some numbness on the

---

* The HONORABLE PAUL H. RONEY, Senior Circuit Judge for the United States Court of Appeals for the Eleventh Circuit, sitting by designation.

right side of her face. Dr. Taylor performed a repeat surgery on Maguire's left jaw on January 12, 1988, after an apparent relapse. Maguire asserts she has permanent numbness arising out of the surgery.

## I. Res Ipsa Loquitur

Maguire argues that the doctrine of res ipsa loquitur can be used to establish a medical malpractice case if expert testimony can provide sufficient foundation for a jury to conclude that the injury is one that would not occur absent negligence. She asserts that courts apply res ipsa if a lay person could understand the negligent act and when the injury has occurred outside the operative area. She contends that her expert testimony provides sufficient foundation for res ipsa to apply. Her experts will testify that the injury (1) occurred outside the operative area, (2) was an unacceptable risk of the operation, and (3) occurred while Dr. Taylor was in complete control. She argues that the jury could find that the injury is one that would not occur without negligence.

Under North Dakota law, res ipsa loquitur creates a permissible inference from harmful results that the defendant did not exercise the correct standard of care. *Lemke v. United States,* 557 F.Supp. 1205, 1210 (D.N.D.1983). The doctrine of res ipsa loquitur contains three elements: (1) the injury is one that does not normally occur absent negligence, (2) the instrumentality or agency that caused the injury must have been within the exclusive control of the defendant, and (3) the injury must not have been due to any voluntary action by the plaintiff. *Id.* Under North Dakota law, res ipsa is inapplicable to medical malpractice actions unless the breach is so egregious that a layman is capable of comprehending its enormity. *Wasem v. Laskowski,* 274 N.W.2d 219, 224–25 (N.D. 1979); *see also* N.D.Cent.Code § 28–01–46 (Supp.1989). Section 28–01–46 provides that an expert opinion is necessary for an action based on alleged medical negligence except in obvious cases. The statute does not apply to "alleged lack of informed consent, unintentional failure to remove a for-

eign substance from within the body of a patient, or performance of a medical procedure upon the wrong patient, organ, limb, or other part of the patient's body, or other obvious occurrence." N.D.Cent.Code § 28–01–46 (Supp.1989). This case does not fall within the narrow exceptions intended by the legislature because it involves technical surgical procedures. Nerve damage is beyond the understanding of lay jurors. *Lemke,* 557 F.Supp. at 1211. Maguire cannot establish the first element of res ipsa, that the injury is one that would not ordinarily occur without negligence. Her expert could not say that her injuries were the type that occurred only if Dr. Taylor had been negligent. A conclusory statement is insufficient to demonstrate that the injury could not have occurred without negligence. *Id.* at 1211 n. 1. A bad result does not, by itself, create a basis for finding Dr. Taylor negligent. *Winkjer v. Herr,* 277 N.W.2d 579, 586 (N.D.1979). The doctrine of res ipsa loquitur does not apply to this case and the district court correctly dismissed the complaint.

## II. Informed Consent

Maguire contends that Dr. Taylor did not adequately discuss the actual surgery itself with her. She asserts that she did not understand the nature of the operation and thought she was undergoing treatment for other problems.

North Dakota law provides that "expert medical testimony is generally necessary to identify the risks of treatment, their gravity, likelihood of occurrence, and reasonable alternatives. The necessity for expert testimony is particularly so when such information is outside the common knowledge of laymen." *Id.* at 588 (citations omitted). The record shows that Maguire's expert concedes that she was adequately informed about the risks and benefits of the surgery.

We affirm the district court's dismissal of Maguire's claims.