2004 ND 167

**INVESTORS REAL ESTATE TRUST PROPERTIES, INC., a/k/a IRET, Plaintiff and Appellant,**

**v.**

**TERRA PACIFIC MIDWEST, INC., d/b/a Terra Pacific, Defendant and Appellee,**

**I–Rock, Inc.; MDU Resources Group, Inc., d/b/a Montana Dakota Utilities; and Gary J. Plante, d/b/a Plante's Painting and Drywall, Defendants.**

No. 20030363.

Supreme Court of North Dakota.

Aug. 31, 2004.

Dean A. Frantsvog (argued) and Richard P. Olson (on brief), Olson Burns Lee, Minot, for plaintiff and appellant.

Troy A. Wolf, Smith Bakke Oppegard Porsborg & Wolf, Moorhead, MN, for defendant and appellee.

MARING, Justice.

[¶ 1] Investors Real Estate Trust Properties, Inc. ("IRET") appeals from district court judgments dismissing IRET's claims against Terra Pacific Midwest, Inc. ("Terra Pacific") arising out of an apartment building fire. We affirm.

I

[¶ 2] On October 1, 1998, IRET contracted with Terra Pacific for Terra Pacific to construct a 27–unit apartment building for IRET. Construction on the building began in the fall of 1998, with Terra Pacific as general contractor. By March 1999, the three-story building had been framed, the roof was on and there was temporary power and lighting in the building. Due to the winter weather, gas heaters were being used to heat the building during construction. The building had exterior window openings and doorways, but not all of the windows and doors had been installed. Openings without doors or windows were temporarily covered with sheetrock, wood, or plastic.

[¶ 3] In the early morning hours of March 14, 1999, a fire started in the building. Efforts to contain the blaze were

unsuccessful, and the building collapsed. The Fire Chief of the Jamestown Fire Department decided to immediately bulldoze the rubble from the fire, because he believed further investigation of the site would not assist in determining the source or cause of the fire due to the extensive damage to the building, and because bulldozing the rubble would assist in assuring the fire was completely extinguished. Although there were initially suspicions of arson, fire officials subsequently concluded that the cause and origin of the fire could not be determined.

[¶ 4] IRET brought this action against Terra Pacific, alleging Terra Pacific negligently caused the fire.[1] IRET also alleged breach of contract and breach of warranty, and sought damages of $1,200,000.[2] On cross-motions for summary judgment, the trial court determined that IRET had failed to raise a genuine issue of material fact on negligence because no competent, admissible evidence of the cause or origin of the fire had been presented and that res ipsa loquitur did not apply in this case. Judgments were entered dismissing IRET's claims against Terra Pacific, and IRET appealed.

## II

[¶ 5] We recently outlined our standard of review of a summary judgment in *Zuger v. State*, 2004 ND 16, ¶¶ 7–8, 673 N.W.2d 615 (citations omitted):

> Summary judgment is a procedural device for promptly disposing of a lawsuit without a trial if there are no genuine issues of material fact or inferences which can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. "Whether summary judgment was properly granted is 'a question of law which we review de novo on the entire record.'" *Iglehart v. Iglehart*, 2003 ND 154, ¶ 9, 670 N.W.2d 343 (quoting *Wahl v. Country Mut. Ins. Co.*, 2002 ND 42, ¶ 6, 640 N.W.2d 689). On appeal, this Court decides if the information available to the trial court precluded the existence of a genuine issue of material fact and entitled the moving party to summary judgment as a matter of law. Summary judgment is appropriate against parties who fail to establish the existence of a factual dispute on an essential element of a claim on which they will bear the burden of proof at trial.

> A party resisting a motion for summary judgment may not simply rely upon the pleadings or upon unsupported, conclusory allegations. "Factual assertions in a brief do not raise an issue of material fact satisfying Rule 56(e)." *Kemp v. City of Grand Forks*, 523 N.W.2d 406, 408 (N.D.1994). "Nor may a party merely reassert the allegations in his pleadings in order to defeat a summary judgment motion." *Id.*

> The resisting party must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact and must, if appropriate, draw the court's

---

1. IRET also sued I–Rock, Inc., MDU Resources Group, Inc., and Gary Plante. The claims against those defendants were dismissed, and IRET has not challenged those dismissals on appeal.

2. IRET was paid in full for its losses under a builder's risk policy issued by Republic Western Insurance Company, and this is essentially a subrogation action against Terra Pacific.

The parties have not raised as an issue on appeal whether the action should have been brought in the name of Republic Western as the real party in interest. *See* N.D.R.Civ.P. 17(a); *Tschider v. Burtts*, 149 N.W.2d 710, 712–13 (N.D.1967); *Newby v. Johnston's Fuel Liners, Inc.*, 122 N.W.2d 156, 158–60 (N.D. 1963).

attention to relevant evidence in the record by setting out the page and line in depositions or other comparable documents containing testimony or evidence raising an issue of material fact.

In summary judgment proceedings, neither the trial court nor the appellate court has any obligation, duty, or responsibility to search the record for evidence opposing the motion for summary judgment. The opposing party must also explain the connection between the factual assertions and the legal theories in the case, and cannot leave to the court the chore of divining what facts are relevant or why facts are relevant, let alone material, to the claim for relief.

*Iglehart,* at ¶ 10 (quoting *Anderson v. Meyer Broad. Co.,* 2001 ND 125, ¶ 14, 630 N.W.2d 46 (citations omitted)). Mere speculation is not enough to defeat a motion for summary judgment, and a scintilla of evidence is not sufficient to support a claim. If no pertinent evidence on an essential element is presented to the trial court in resistance to a motion for summary judgment, it is presumed that no such evidence exists.

### III

[¶ 6] The dispositive issue on appeal is whether summary judgment was appropriate on IRET's negligence claim against Terra Pacific.

### A

[¶ 7] In a negligence action, the plaintiff has the burden of demonstrating (1) a duty, (2) breach of that duty, (3) causation, and (4) damages. *See Azure v. Belcourt Pub. Sch. Dist.,* 2004 ND 128, ¶ 9, 681 N.W.2d 816; *Koehler v. County of Grand Forks,* 2003 ND 44, ¶ 28, 658 N.W.2d 741. The district court in this

case concluded IRET had failed to present competent, admissible evidence that any breach of duty by Terra Pacific caused the fire and IRET's resultant damages. *See Grandbois and Grandbois, Inc. v. City of Watford City,* 2004 ND 162, ¶ 20, 685 N.W.2d 129.

[¶ 8] IRET's theory of the case is that Terra Pacific negligently left the temporary gas heaters running unattended, thereby causing the fire. IRET further contends that other potential causes for the fire were eliminated, leaving the heaters as the most probable cause of the fire. In particular, IRET claims "the fire investigators ruled out all other potential ignition sources other than the unattended gas powered space heaters." IRET's argument not only ignores our law on proving proximate cause by circumstantial evidence, but also misstates the record in this case.

[¶ 9] We have specifically held that a plaintiff must present affirmative evidence of proximate cause, and may not establish causation solely by discrediting other possible causes:

We have previously held that "proximate cause may be proved by the circumstances of a case if such circumstances permit a reasonable inference of a cause of injury for which the defendant is responsible, and at the same time exclude equally reasonable inferences of other causes for which the defendant is not responsible." *Leno v. Ehli,* 339 N.W.2d 92, 96 (N.D.1983); see also *Bismarck Baptist Church v. Wiedemann Industries, Inc.,* 201 N.W.2d 434 (N.D.1972); *Farmers Home Mutual Insurance Co. v. Grand Forks Implement Co.,* 79 N.D. 177, 55 N.W.2d 315 (1952). This requires that some affirmative evidence be presented from which the jury may infer that the injury resulted from

a cause for which the defendant was responsible, in addition to evidence which excludes other possible causes, to support a finding of proximate cause. Under the jury instruction given in this case, however, the jury would be free to find causation solely by eliminating other possible causes. In effect, the plaintiff would be alleviated of his burden of presenting evidence from which the jury could infer that it was the defendant's conduct which caused his injury.

The difficulty in allowing proof of causation solely by disproving other possible causes is that this presupposes that there is a finite number of possible causes for any given injury. It is apparent, however, that in most cases it will be impossible to disprove every other conceivable cause of an injury. Certainly the facts in this case give rise to a veritable plethora of possible scenarios leading up to the fire. The plaintiff may not choose a few possible causes, attempt to disprove them, and on that basis alone claim that one other possible cause has been established as *the* proximate cause. The plaintiff, having the burden of proof on this issue, must present some affirmative evidence that the defendant's conduct caused the injury to allow the jury to find that the defendant proximately caused the plaintiff's injury.

*Victory Park Apartments, Inc. v. Axelson,* 367 N.W.2d 155, 164 (N.D.1985).

■ Nor may causation be based upon mere speculation:

[I]f from the plaintiff's evidence it is as probable that the injury and damage of which the plaintiff complains resulted from a cause for which the defendant is not responsible as it is that such injury and damage resulted from a cause for which the defendant would be responsible, a prima-facie case of proximate cause has not been made and the plaintiff cannot recover, since plaintiff's recovery must be based upon more than mere speculation.

*Bismarck Baptist Church v. Wiedemann Indus., Inc.,* 201 N.W.2d 434, 441 (N.D. 1972). Thus, even if there was evidence in the record eliminating other causes as the source of ignition of the fire, IRET must still present some affirmative evidence that the fire originated in and was caused by the gas heaters. Evidence that some officials had ruled out some, but not all, other potential sources does not meet IRET's burden of proving causation. IRET has done precisely what *Victory Park* prohibits: chosen a few other possible causes, attempted to disprove them, and then claimed the heaters must be the cause of the fire. *Victory Park,* 367 N.W.2d at 164.

■ [¶ 10] Furthermore, IRET's statement that "fire investigators ruled out all other potential ignition sources" is a mischaracterization of the record. The record shows that every fire official and expert witness who provided testimony concluded it was impossible to determine the place of origin or cause of the fire and they could not definitively rule out any other possible sources and causes of the fire. Other potential causes mentioned by the witnesses included arson, electrical, gas, or spontaneous combustion.

[¶ 11] All of the fire officials and experts deposed in this case testified that, given the extensive damage to the building and the bulldozing of the rubble, there was no way to determine the origin or cause of the fire. IRET did not offer any evidence from any witness, expert or otherwise, affirmatively showing that the fire originated near, or was caused by, the gas heaters. IRET's evidence that use of the heaters may have been dangerous, without evidence that the fire originated near the heaters, is mere speculation and cannot

support an inference that the fire originated in and was caused by the heaters.

[¶ 12] We conclude the trial court did not err in holding IRET failed to present competent, admissible evidence raising a genuine issue of material fact on causation, an issue on which it would bear the burden of proof at trial. Summary judgment dismissing IRET's negligence claim was therefore appropriate.

## B

[¶ 13] IRET contends that liability for negligence can be established in this case by applying the doctrine of res ipsa loquitur. We outlined the doctrine in *Victory Park*, 367 N.W.2d at 159 (citation and footnote omitted):

As applied in this State, res ipsa loquitur allows the fact-finder to draw an inference that the defendant's conduct was negligent if the following foundational facts are proved: (1) the accident was one which does not ordinarily occur in the absence of negligence; (2) the instrumentality which caused the plaintiff's injury was in the exclusive control of the defendant; and (3) there was no voluntary action or contribution on the part of the plaintiff. In order to have the court instruct on res ipsa loquitur, the plaintiff must present probative evidence from which the jury could find each of the required foundational facts.

[¶ 14] IRET argues that, because Terra Pacific had control over the building and the jobsite, it had control over the "instrumentality" which caused the injury. In *Victory Park*, however, we specifically rejected the argument that control over the location of the fire equates with control over the instrumentality that caused the fire:

Victory Park asserts that the "instrumentality" which caused the injury in this case was either the couch or the apartment, which were in the exclusive control of Doris as the tenant of the apartment. We disagree. . . . We question the logic of a rule which would permit an inference of negligence to arise merely from the defendant's control over the object in which the fire originated or the area where it originated. The far better rule, which we have already embraced in *Foerster v. Fischbach–Moore, Inc.*, 178 N.W.2d [258,] 263 [(N.D.1970)], is that "the 'thing' or 'instrumentality' which *caused* the fire . . . is required to be under the control of the defendant."

*Victory Park*, 367 N.W.2d at 159–60. Therefore, it is axiomatic that when the plaintiff has failed to present any evidence establishing the point of origin or the specific thing which caused the fire, but relies upon mere speculation as to the cause of the fire, res ipsa loquitur is inapplicable. *See Foerster*, 178 N.W.2d at 263–64.

[¶ 15] In this case, IRET has offered mere speculation that the fire was caused by unattended gas heaters. It is equally as likely, based upon the evidence presented on the motion for summary judgment, that the fire was caused by arson, an electrical malfunction, a gas leak, or spontaneous combustion. The burden was upon IRET to present competent, admissible evidence showing the instrumentality that caused the fire was in the exclusive control of Terra Pacific. Without some evidence identifying the "instrumentality" that caused the fire, there can be no showing that the instrumentality was in the exclusive control of the defendant.

[¶ 16] The trial court did not err in concluding res ipsa loquitur was inapplicable in this case.

## IV

[¶ 17] We have considered the remaining issues and arguments raised by the

parties and find they are either without merit or are unnecessary to our decision. The judgments dismissing IRET's action against Terra Pacific are affirmed.

[¶ 18]   GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.