Filed 6/1/06 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2006 ND 117

Rhonda Haugen, Plaintiff and Appellant

v.

BioLife Plasma Services,

f/d/b/a Community

Bio-Resources, Defendant and Appellee

and

Baxter Healthcare Corp., Defendant

No. 20050310

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce B. Haskell, Judge.

AFFIRMED.

Opinion of the Court by Sandstrom, Justice.

Robert V. Bolinske, 515 North Fourth Street, Bismarck, N.D. 58501, for plaintiff and appellant.

Jerome C. Kettleson, Pearce & Durick, 314 East Thayer Avenue, P.O. Box 400, Bismarck, N.D. 58502-0400, for defendant and appellee.

Haugen v. BioLife Plasma Services

No. 20050310

Sandstrom, Justice.

[¶1] Rhonda Haugen appeals from a judgment dismissing her personal injury lawsuit.  The judgment was entered after a jury found BioLife Plasma Services was not negligent.  Haugen contends the district court erred when it did not instruct the jury on the doctrine of res ipsa loquitur.  We affirm, concluding res ipsa loquitur does not apply to this case.

I

[¶2] In January 2001, Haugen donated plasma at Community Bio-Resources, now doing business as BioLife Plasma Services (“BioLife”).  According to Haugen, the needle, called a cannula, inserted into her vein either was negligently inserted into or became dislodged from her vein, which BioLife negligently failed to notice.  She claims that as a result, the needle was embedded in the soft tissue of her right arm rather than in her vein.  According to BioLife, an alarm sounded on the plasma drawing machine during the donation’s re-injection, and the needle had to be adjusted.  When the whole blood components that had been separated from Haugen’s plasma during the donation process were infused back into her arm, Haugen contends the whole blood was infused into her soft tissue rather than her vein.  Haugen claims the injection of blood components into her arm tissue caused her to suffer heavy bruising and eventually caused reflex sympathetic dystrophy (“RSD”), a localized regional pain disorder that can cause a person to constantly feel pain in the affected body part.

[¶3] Haugen sued BioLife.  At the jury trial, the district court refused Haugen’s request to instruct the jury on res ipsa loquitur, concluding the doctrine did not apply to this case because Haugen presented specific evidence of what had happened.  The jury found BioLife was not negligent.

[¶4] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27-05-06.  The appeal was timely under N.D.R.App.P. 4(a).  This Court has jurisdiction under N.D. Const. art. VI, §§ 2, 6, and N.D.C.C. § 27-02-04 and §§ 28-27-01 through 28-27-02.

II

[¶5] On appeal, Haugen argues she met the foundational elements of res ipsa loquitur and therefore the instruction should have been given to the jury.  Basically, she contends she should be allowed to use res ipsa loquitur as an alternative pathway to prove negligence.  BioLife argues res ipsa loquitur is inappropriate in this case because RSD can occur without negligence and because Haugen can point directly to what alleged negligence caused her claimed injury.

A

[¶6] On appeal, we review jury instructions as a whole to decide whether they fairly and adequately advised the jury of the law in the case:

This Court reviews jury instructions to determine whether, as a whole, they fairly and adequately advised the jury.  A proper jury instruction is one that adequately informs the jury of the applicable law.  “While a trial court may properly refuse a requested instruction not applicable to the evidence, a party is entitled to an instruction on a valid applicable theory if there is some evidence to support it.”

Case Credit Corp. v. Oppegard’s, Inc.
, 2005 ND 141, ¶ 9, 701 N.W.2d 891 (citations omitted).

B

[¶7] In North Dakota, res ipsa loquitur allows a fact finder to infer negligence if the plaintiff can establish three foundational elements:  (1) the accident was one that does not ordinarily occur in the absence of negligence; (2) the instrumentality or agent that caused the plaintiff’s injury was in the exclusive control of the defendant; and (3) there was no voluntary action or contribution on the part of the plaintiff.  
Robert v. Aircraft Inv. Co., Inc.
, 1998 ND 62, ¶ 7, 575 N.W.2d 672; 
Foerster v. Fischbach-Moore, Inc.
, 178 N.W.2d 258, 263 (N.D. 1970).  In this case, only the first element is in dispute.  The cannula and BioLife’s employee are the undisputed instrumentality and agent that allegedly caused the injury, and they were under the exclusive control of BioLife.  Thus the second element is not at issue.  BioLife does not claim that Haugen contributed to her injury, so the third element is not at issue.

[¶8] BioLife argues the first element should not be “the accident was one which does not ordinarily occur in the absence of negligence,” but should be “the injury is one that does not normally occur in the absence of negligence.”  BioLife relies on a case from the Eighth Circuit Court of Appeals interpreting North Dakota law as support.  
See
 
Maguire v. Taylor
, 940 F.2d 375, 377 (8th Cir. 1991) (“The doctrine of res ipsa loquitur contains three elements:  (1) the 
injury
 is one that does not normally occur absent negligence, . . . .”) (emphasis added); 
see also
 
Lemke v. United States
, 557 F. Supp. 1205, 1210 (D.N.D. 1983) (“In order for a plaintiff to rely upon the doctrine of res ipsa loquitur, he or she must establish three elements:  1) the 
injury
 is one that would not ordinarily occur absent negligence; . . . .”) (emphasis added).  Other sources have been internally inconsistent when describing the first element as an accident or an injury.  
See
 
Newell v. Westinghouse Elec. Corp.
, 36 F.3d 576, 579 (7th Cir. 1994) (“If a plaintiff can demonstrate (1) that the 
accident
 was one that does not ordinarily occur absent negligence, . . . .”) (emphasis added); 
id.
 (“Newell must show that her 
injury
 is one which would ordinarily not occur in the absence of improper care on the part of those in control of the injuring instrumentality.”) (emphasis added); 57B Am. Jur. 2d 
Negligence
 § 1848 (1989) (“In order for the doctrine of res ipsa loquitur to apply, the following elements or conditions, although expressed in varying phraseology, must be met:  (1) the 
accident
 was of such character as to warrant an inference that it would not have happened except for defendant’s negligence.”) (emphasis added); 
id.
 § 1853 (“Where the applicability of res ipsa loquitur is in question, the test is, not whether a particular 
injury
 rarely occurs, but rather, when it occurs, whether it is ordinarily the result of the defendant’s negligence.”) (emphasis added).

[¶9] When the doctrine was created in 1863, the falling of a flour barrel was the occurrence that spoke for itself, not the specific injuries the plaintiff received.  
See
 
Byrne v. Boadle
, (1863) 2 H & C Rep., 726 (Exch.) (“there are many accidents from which no presumption of negligence can arise, but I think it would be wrong to lay down as a rule that in no case can presumption of negligence arise from the fact of an accident. . . .  It is the duty of persons who keep barrels in a warehouse to take care that they do not roll out, and I think that such a case would, beyond all doubt, afford prima facie evidence of negligence.”); 
see also
 57B Am. Jur. 2d 
Negligence
 § 1824 (“It is the character of the accident, rather than the fact of the accident, which gives rise to the doctrine.”).  To take the district court’s example, the crashing of an airplane is the occurrence that does not occur without negligence and speaks for itself, not the injuries received by the passengers on board.  Therefore, the use of accident better describes the doctrine.  Under this interpretation of res ipsa loquitur, the accident that must be examined is the displacement of the cannula and injection of whole blood into Haugen’s soft tissue, not the specific injury RSD.

[¶10] Res ipsa loquitur allows for an inference of negligence when there is no evidence of what caused the accident.  
Robert
, 1998 ND 62, ¶ 7, 575 N.W.2d 672.  When a plaintiff can present specific evidence of negligence and the cause of the accident, however, the plaintiff has no need to rely on an inference.  
See
 
Newell
, 36 F.3d at 580 (“If Newell were able to allege an act of negligence in this case, she would not need to avail herself of res ipsa loquitur.”); 
Malloy v. Commonwealth Highland Theatres, Inc.
, 375 N.W.2d 631, 637 (S.D. 1985) (“When there is direct evidence concerning the cause of the incident and all the facts and circumstances surrounding it, the res ipsa loquitur rule is inapplicable.”); 
Sharman v. Skaggs Companies, Inc.
, 602 P.2d 833, 838 (Ariz. Ct. App. 1979) (“Plaintiff having introduced specific evidence of negligence, cannot invoke the doctrine of res ipsa loquitur.”).  Res ipsa loquitur is a gap-filler, not an alternative pathway to negligence as Haugen contends.  
See
 
id.
  It is used when an accident occurs that has no explanation other than negligence, even if the plaintiff cannot prove what negligence was committed.  
See
 
id.

[¶11] Haugen presented a specific theory and specific evidence in this case.  According to Haugen, the cannula was dislodged from her vein and left sitting in her arm’s soft tissue.  Dr. Sena Kihtir, Haugen’s treating physician, testified during her deposition, which was admitted at trial, that the only event which could cause this volume of blood to be infused into soft tissue in this case would have been if the cannula had been displaced or dislodged:

Q: What caused the blood to be dispersed into the tissue outside the vein?

A: Well, the only thing that could have caused it is—is if the cannula was displaced, it was dislodged.

This is evidence of the exact cause of the accident, so Haugen had no need to rely on an inference.  Haugen argues the cause is not known because she has no evidence of whether the cannula was initially inserted improperly outside the vein or came to rest outside the vein after a BioLife employee adjusted it.  The end result is the same, however; the cannula was outside the vein.  Haugen cannot rely on an inference when she is able to present specific evidence of negligence and the cause of the accident.  The district court properly refused the res ipsa loquitur instruction.

III

[¶12] We affirm the judgment of the district court.

[¶13] Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.