2009 ND 99

**Jody BARBIE, Plaintiff and Appellant**

v.

**MINKO CONSTRUCTION, INC. and Comstock Construction, Inc., Defendants and Appellees.**

No. 20080214.

Supreme Court of North Dakota.

June 17, 2009.

Timothy M. O'Keeffe (argued) and Ta-
tum O. Lindbo (appeared), Kennelly &
O'Keeffe, Ltd., Fargo, N.D., for plaintiff
and appellant.

Sarah S. Barron (argued) and Richard
A. Clapp (on brief), Pearson Christensen &
Clapp, PLLP, Grand Forks, N.D., for de-
fendant and appellee Minko Construction,
Inc.

Zachary E. Pelham (argued) and Patrick
W. Durick (on brief), Pearce & Durick,
Bismarck, N.D., for defendant and appel-
lee Comstock Construction, Inc.

CROTHERS, Justice.

[¶ 1] Jody Barbie appealed from dis-
trict court summary judgments dismissing
her negligence claims against Minko Con-
struction, Inc. ("Minko") and Comstock
Construction, Inc. ("Comstock"). We af-
firm, concluding that Barbie failed to pres-
ent competent, admissible evidence creat-
ing a genuine issue of material fact on an
essential element of her claim and that res
ipsa loquitur does not apply in this case.

I

[¶ 2] On July 2, 2003, Barbie, a teacher
at Fargo North High School, was injured
when a removable metal mullion bar fell on
her as she was standing near the north-
west gym entrance at the school. A mul-
lion bar is a vertical metal bar that divides
two exterior doors and is removable to
allow movement of large objects into the
building. This particular mullion bar re-
quired use of a key to remove it from the
doorway, and it was keyed to match the
master key for the school. No key was
required, however, to replace the mullion
bar after it was removed. Rather, the bar
could be "snapped" back into place without
a key. Barbie alleges the bar fell and
injured her because it had not been prop-
erly snapped back into place when last
removed.

[¶ 3] At the time of the incident, an expansion and construction project was underway at the school. Minko was the construction manager on the project, and Comstock was a subcontractor. Minko and Comstock each had keys which would unlock the mullion bar. Numerous Fargo Public School District employees, including administrators, custodians and delivery personnel, also had keys to the mullion bar.

[¶ 4] Barbie brought this action against Minko and Comstock alleging their negligence caused the mullion bar to fall, thereby causing her injuries. Minko and Comstock answered and moved for summary judgment, alleging there was no evidence that they were negligent. The district court concluded there was no competent, admissible evidence creating a genuine issue of material fact regarding Minko's and Comstock's negligence. The court therefore granted Minko's and Comstock's motions for summary judgment dismissing Barbie's claims.

II

[¶ 5] We recently outlined the relevant standards governing summary judgment under N.D.R.Civ.P. 56 in *Farmers Union Oil Co. v. Smetana,* 2009 ND 74, ¶ 8, 764 N.W.2d 665 (quoting *Hasper v. Center Mut. Ins. Co.,* 2006 ND 220, ¶ 5, 723 N.W.2d 409):

"Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In deter-

mining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record."

[¶ 6] If the moving party " 'meets its initial burden of showing the absence of a genuine issue of material fact, the party opposing the motion may not rest on mere allegations or denials in the pleadings, but must present competent admissible evidence by affidavit or other comparable means to show the existence of a genuine issue of material fact.' " *Alerus Fin., N.A. v. Western State Bank,* 2008 ND 104, ¶ 17, 750 N.W.2d 412 (quoting *Riemers v. Grand Forks Herald,* 2004 ND 192, ¶ 4, 688 N.W.2d 167); *see* N.D.R.Civ.P. 56(e). Rule 56 requires the entry of summary judgment against a party who fails to establish the existence of a material factual dispute as to an essential element of the claim and on which the party will bear the burden of proof at trial. *E.g., Halvorson v. Sentry Ins.,* 2008 ND 205, ¶ 5, 757 N.W.2d 398. " 'When no pertinent evidence on an essential element is presented to the trial court in resistance to the motion for summary judgment, it is presumed that no such evidence exists.' " *Riemers v. City of Grand Forks,* 2006 ND 224, ¶ 8, 723 N.W.2d 518 (quoting *Kummer v. City of Fargo,* 516 N.W.2d 294, 297 (N.D.1994)); *see also Halvorson,* at ¶ 5; *Investors Real Estate Trust Props., Inc. v.*

*Terra Pac. Midwest, Inc.*, 2004 ND 167, ¶ 5, 686 N.W.2d 140; *Zuger v. State*, 2004 ND 16, ¶ 8, 673 N.W.2d 615. This Court has repeatedly cautioned that "mere speculation is not enough to defeat a motion for summary judgment, and a scintilla of evidence is not sufficient to support a claim." *Heart River Partners v. Goetzfried*, 2005 ND 149, ¶ 8, 703 N.W.2d 330 (quoting *State v. North Dakota State Univ.*, 2005 ND 75, ¶ 8, 694 N.W.2d 225); *In re Estate of Richmond*, 2005 ND 145, ¶ 12, 701 N.W.2d 897; *Investors Real Estate Trust*, at ¶ 5; *Zuger*, at ¶ 8; *Iglehart v. Iglehart*, 2003 ND 154, ¶ 10, 670 N.W.2d 343. In order to meet the burden of establishing a genuine issue of material fact on an essential element of a claim, a party opposing a motion for summary judgment must present " 'enough evidence for a reasonable jury to find for the plaintiff.' " *Riemers*, at ¶ 7 (quoting *Iglehart*, at ¶ 10).

### III

[¶ 7] Barbie alleges the district court erred in concluding that she had failed to present evidence that either Minko or Comstock were responsible for the mullion bar falling and striking her and that she had therefore failed to establish the existence of a material factual dispute on an essential element of her claim.

[¶ 8] In a negligence action, the plaintiff must prove (1) duty; (2) breach of that duty; (3) causation and (4) damages. *Miller v. Diamond Resources, Inc.*, 2005 ND 150, ¶ 10, 703 N.W.2d 316; *Investors Real Estate Trust*, 2004 ND 167, ¶ 7, 686 N.W.2d 140. In this case, no real dispute exists as to how the accident occurred. For purposes of these summary judgment motions, the parties agree someone with access to the mullion bar removed it and did not properly replace it, causing it to fall and strike Barbie. The elements of duty, causation and existence damages are therefore not in dispute. The core issue focuses upon the remaining element of negligence: which of the numerous individuals or entities with access and a key to the mullion bar breached its duty by failing to properly replace the mullion bar. To prevail on her negligence claim, Barbie had the burden of proving that either Minko or Comstock breached its duty to safely replace the mullion bar.

[¶ 9] Barbie failed to present any competent, admissible evidence from which a factfinder could reasonably draw an inference that either Minko or Comstock, as opposed to one of the other individuals with access to the mullion bar, breached its duty by failing to properly secure the mullion bar in place before it fell and injured Barbie. Professor Prosser has succinctly stated the rule of law governing such situations:

> "It is never enough for the plaintiff to prove merely that the plaintiff has been injured by the negligence of someone unidentified. Even though there is beyond all possible doubt negligence in the air, it is still necessary to bring it home to the defendant. 'The purpose of this requirement is to link the defendant with the probability, already established, that the accident was negligently caused.' On this too the plaintiff has the burden of proof by a preponderance of the evidence; and in any case where it is clear that it is at least equally probable that the negligence was that of another, the court must direct the jury that the plaintiff has not established a case."

W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 39, at 248 (5th ed.1984) (footnotes omitted) (quoting *Newing v. Cheatham*, 15 Cal.3d 351, 124 Cal. Rptr. 193, 540 P.2d 33, 41 (1975)).

[¶ 10] In a factually similar case, the court in *Wade v. Cove Shipping Co.*, affirmed a summary judgment dismissing

the plaintiff's claims against the owner of a ship and a contractor repairing the ship because the plaintiff presented only opinion and conjecture about who had placed the manhole cover which allegedly caused his injuries:

"If, *arguendo,* the mere placing of a manhole cover on the manhole was an act of negligence, still plaintiff is under a burden to prove the identity of the person responsible for that act. . . .

"Plaintiff's only pertinent testimony on the identity of the tort-feasor was this:

"'I was in the tank, the cover was put on and covered up. I couldn't see who did it or how many did it or what. . . . I can say, in my opinion, it had to be either Bender [Shipbuilding and Repair Company], Metal Marine [Associates], or Cove Shipping [Company], because those were the only people onboard the ship.'

"In other words, plaintiff did not know who placed the cover; he just guessed that someone in the employ of Cove Shipping Company, Metal Marine Associates, or Bender Shipbuilding and Repair Company did it. This conjecture, we respectfully observe, does not substitute for a fact establishing the identity of the tort-feasor."

521 So.2d 1305, 1308 (Ala.1988) (citation omitted).

[¶ 11] On the closely related issue of causation, this Court has stressed the plaintiff must prove the defendant's conduct was more probably the cause of the injury:

"[I]f from the plaintiff's evidence it is as probable that the injury and damage of which the plaintiff complains resulted from a cause for which the defendant is not responsible as it is that such injury and damage resulted from a cause for which the defendant would be responsible, a prima-facie case of proximate cause has not been made and the plaintiff cannot recover, since plaintiff's recovery must be based upon more than mere speculation."

*Investors Real Estate Trust,* 2004 ND 167, ¶ 9, 686 N.W.2d 140 (quoting *Bismarck Baptist Church v. Wiedemann Indus., Inc.,* 201 N.W.2d 434, 441 (N.D.1972)).

■ [¶ 12] Barbie argues that she did present competent, admissible evidence that Minko or Comstock was responsible for improperly replacing the mullion bar through the lay opinion testimony of Kirby Dahl and Mike Semanko. Dahl and Semanko were Fargo Public School District custodial employees working in the building that day, and Dahl saw the mullion bar fall and strike Barbie. Both Dahl and Semanko stated in their depositions it was their belief that the mullion bar had been improperly replaced by a construction worker and not by an employee of the school district. But a full review of their deposition testimony indicates there is no sustainable basis for their opinions and they were merely guessing or speculating. *See* N.D.R.Ev. 701 (opinion evidence by a lay witness must be "rationally based on the perception of the witness").

[¶ 13] When asked whether he had an opinion about who had failed to properly secure the mullion bar into place, Dahl answered: "Only speculation, that it could have been a contractor there." Upon further questioning, he indicated he was just guessing or speculating:

"Q: So your [sic] just guessing, aren't you?

"A: Yeah. Speculating.

"Q: In fact, it's no more likely that one of the contractors did it than one of the Fargo Public School people did it, correct?

"A: Correct."

[¶ 14] Semanko's deposition testimony was similarly equivocal. Semanko expressly stated he did not know who removed or replaced the mullion bar that day:

"Q. Do you have any specific recollection of that day as to whether or not the mullion bar had been removed at any time in the morning?

"A. Not any specific recollection, no.

"Q. How about in the days prior to July 2nd of '03?

"A. Nothing specific. Very well could have been but I don't remember any specific movement taking place.

"Q. Bottom line you don't know who removed that or replaced it that day?

"A. I do not."

At another point, Semanko was asked:

"Q: So, Mike, you cannot say that it's more likely than not that one of the contractor's employees misplaced that mullion bar, can you?

"A: I cannot say that. I can't say whether it was a district employee or a contractor.

"Q. In fact, in your affidavit you very truthfully and honorably state that you're just speculating that that may have been the last person?

"A. Correct. A contractor or someone from the district.

"Q. A contractor?

"A. Speculation, yes."

In fact, when asked whether he may have removed the mullion bar himself that day, Semanko could not definitely say that he had not removed it:

"Q. You recall that day yourself removing the mullion bar?

"A. No. I don't think I did. 1 don't recall but I don't think I did.

"Q. Did you have any reason yourself a day or so prior to that or that day to remove the bar?

"A. I can't say yes or no definitively. It's a possibility but I don't know for sure."

[¶ 15] Dahl's and Semanko's testimony is too speculative and unsupported to create an issue of material fact sufficient to survive summary judgment. The only support given for their "opinions" that it was one of the contractors rather than a school district employee who misplaced the mullion bar was Semanko's suggestion that he believed it must have been one of the contractors' employees because the Fargo Public School District employees had been trained in how to replace the mullion bar. This is an oversimplification and does not satisfy the requirement of N.D.R.Ev. 701 that a lay witness's opinion testimony be "rationally based on the perception of the witness." Viewed as a whole, the testimony of Dahl and Semanko does not provide anything beyond speculation on the question of who improperly replaced the mullion bar.

[¶ 16] "Mere speculation is not enough to defeat a motion for summary judgment." *Heart River Partners,* 2005 ND 149, ¶ 8, 703 N.W.2d 330 (quoting *North Dakota State Univ.,* 2005 ND 75, ¶ 8, 694 N.W.2d 225); *Investors Real Estate Trust,* 2004 ND 167, ¶ 5, 686 N.W.2d 140. If, based upon the evidence presented, it is equally probable that the negligence was that of someone other than the defendant, the plaintiff has not met her burden to establish a breach of duty by the defendant and summary judgment is appropriate. *See* Keeton, *supra,* § 39, at 248; *Investors Real Estate Trust,* at ¶ 15; *Bismarck Baptist Church,* 201 N.W.2d at 441. Both Dahl and Semanko acknowledged in their depositions that their opinions were guesses or speculation and that

it was equally as likely that the mullion bar had been improperly replaced by a Fargo Public School District employee as by an employee of Minko or Comstock. We conclude the district court did not err in determining Barbie failed to present competent, admissible evidence on an essential element of her claim.

### IV

[¶ 17] Barbie also argues the doctrine of res ipsa loquitur is applicable and precludes summary judgment. Res ipsa loquitur allows a factfinder to draw an inference that the defendant's conduct was negligent if the plaintiff proves "(1) the accident was one that does not ordinarily occur in the absence of negligence; (2) the instrumentality ... that caused the plaintiff's injury was in the exclusive control of the defendant; and (3) there was no voluntary action or contribution on the part of the plaintiff." *Haugen v. BioLife Plasma Servs.*, 2006 ND 117, ¶ 7, 714 N.W.2d 841; *Investors Real Estate Trust*, 2004 ND 167, ¶ 13, 686 N.W.2d 140; *Victory Park Apartments, Inc. v. Axelson*, 367 N.W.2d 155, 159 (N.D.1985).

[¶ 18] In this case, the instrumentality which caused the injury was the mullion bar. No evidence exists demonstrating that any particular entity or individual had exclusive control of the mullion bar. In fact, there was evidence numerous Fargo North employees had keys to remove the mullion bar, as did Fargo Public School District delivery personnel and the two defendant contractors. As previously noted, "[e]ven though there is beyond all possible doubt negligence in the air, it is still necessary to bring it home to the defendant." Keaton, *supra*, § 39, at 248; *see Victory Park*, 367 N.W.2d at 160. Without evidence establishing exclusive control of the instrumentality which caused the injury, in this case the mullion bar, the plain-

tiff has failed to bring the negligence "home to the defendant," and res ipsa loquitur does not apply.

[¶ 19] Barbie contends that the district court employed the "exclusive control" element too narrowly and that she only needed to establish Minko and Comstock had exclusive control of the mullion bar at "the critical time." *See Robert v. Aircraft Inv. Co.*, 1998 ND 62, ¶¶ 8–9, 575 N.W.2d 672. The evidence presented by Barbie does not establish that either Minko or Comstock had exclusive control over the mullion bar at any time. Based upon the evidence, there were at all relevant times numerous individuals other than Minko and Comstock employees who had access to, and keys for, the mullion bar.

[¶ 20] We conclude the district court did not err in determining that res ipsa loquitur did not apply in this case.

### V

[¶ 21] We have considered the remaining issues and arguments raised by the parties and find them to be either unnecessary to our decision or without merit. The judgments dismissing Barbie's claims against Minko and Comstock are affirmed.

[¶ 22] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.