# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 14

John Sadek and Tammy Sadek, as surviving parents
of Andrew Sadek on behalf of all heirs-at-law,
and the Estate of Andrew Sadek,                    Plaintiffs and Appellants

      v.

Jason Weber, individually and as a Richland
County Sheriff's Deputy and Task Force Officer
of the South East Multi County Agency Narcotics
Task Force, and Richland County, North Dakota,
a political subdivision,                    Defendants and Appellees

## No. 20220155

Appeal from the District Court of Richland County, Southeast Judicial District, the Honorable Jay A. Schmitz, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Kristin A. Overboe, Fargo, ND, for plaintiffs and appellants.

Jenna R. Bergman, Minneapolis, MN, and Corey J. Quinton (on brief), Fargo, ND, for defendants and appellees.

**McEvers, Justice.**

[¶1]   John and Tammy Sadek appeal from orders denying their post-judgment motion and sanctioning their attorney under N.D.R.Civ.P. 11. Nearly two years after we affirmed a judgment of dismissal, the Sadeks' counsel argues the case should be decided in their favor. The Appellees moved for sanctions on appeal. We affirm the district court's orders and grant the Appellees' motion for sanctions.

I

[¶2]   We described the background of the case in *Sadek v. Weber*, 2020 ND 194, 948 N.W.2d 820 (*Sadek I*). Weber was a Richland County sheriff's deputy. *Id.* at ¶ 2. Andrew Sadek acted as a confidential informant for Weber. *Id.* at ¶¶ 3-5. Sadek was later found in the Red River with a gunshot wound to his head and a backpack full of rocks tied to his body. *Id.* at ¶¶ 5-6. Sadek's parents sued Weber and Richland County alleging Weber deceived Sadek by telling Sadek he faced a lengthy prison sentence. *Id.* at ¶¶ 7-8. They also alleged Weber negligently caused Sadek's death by failing to adequately train and protect him. *Id.* at ¶ 9. The district court granted summary judgment in favor of Weber and Richland County. *Id.* at ¶ 8. The court held the misrepresentation underlying the deceit claim was a prediction of a future event and therefore not actionable as deceit as a matter of law. *Id.* at ¶ 8. As to the negligence claim, the court held fact issues existed as to whether Weber and Richland County owed a duty to Sadek. *Id.* at ¶ 9. The court nonetheless granted summary judgment holding there was no evidence to establish Weber's conduct was the proximate cause of Sadek's death. *Id.* A judgment of dismissal was entered, and the Sadeks appealed. *Id.* at ¶ 10.

[¶3]   On appeal in *Sadek I*, the Sadeks argued a genuine issue of material fact existed as to whether Weber's conduct caused Andrew Sadek's death. 2020 ND 194, ¶ 21. This Court rejected their argument explaining: "On this record, insufficient evidence establishes that the Defendants' conduct proximately

caused the death of Andrew Sadek. Rather, the evidence only presents a timeline of events and a request that a jury be allowed to speculate what happened as a result of that string of events." *Id.* at ¶ 28. Justice VandeWalle dissented explaining he believed a genuine issue of material fact existed concerning causation. *Id.* at ¶ 35 (VandeWalle, J., dissenting). Our mandate affirming the dismissal judgment was issued on October 7, 2020.

[¶4] On February 27, 2022, the Sadeks filed a "Motion for Summary Judgment." Their brief cited N.D.R.Civ.P. 60(b) but requested relief under N.D.R.Civ.P. 56. The Sadeks argued the district court made a mistake by relying on "bad faith" representations by Weber who "successfully hoodwinked [the district court] and obtained a Judgment of Dismissal." Yet the Sadeks claimed they were entitled to summary judgment because "no triable issue of fact exists as to whether Defendants owed a duty of care to Andrew under the Statute." The brief was accompanied by a list of signatures "verifying" they agree with Justice VandeWalle's dissent. Weber and Richland County filed a response arguing the Sadeks' motion was untimely, it failed to state particular grounds for relief, and it was generally unsupported and improper. Weber and Richland County also moved for sanctions under N.D.R.Civ.P. 11. The district court entered an order denying the Sadeks' post-judgment motion holding "there is no case, claim, or cause of action pending before this court." The court characterized the Sadeks' arguments as "baffling and bizarre." The court also entered an order issuing sanctions in the amount of $1,750 against the Sadeks' attorney, Kristin Overboe. The Sadeks appeal from the district court's orders.

II

[¶5] The Sadeks assert their post-judgment motion was brought under both N.D.R.Civ.P. 56 and 60. They make arguments on appeal under both rules. We address each in turn.

A

[¶6] The Sadeks appear to argue they have proven the negligence claim that we held was properly dismissed in *Sadek I*. Because the Sadeks advance

2

arguments under N.D.R.Civ.P. 56, we recite the standard for obtaining summary judgment:

> Summary judgment under N.D.R.Civ.P. 56 is a procedural device for the prompt resolution of a controversy on the merits if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. Summary judgment is appropriate if the issues in the case are such that the resolution of any factual disputes will not alter the result.

*Vic Christensen Mineral Trust v. Enerplus Res. (USA) Corp.*, 2022 ND 8, ¶ 8, 969 N.W.2d 175 (quoting *Hild v. Johnson*, 2006 ND 217, ¶ 6, 723 N.W.2d 389).

[¶7] To prevail in a negligence action, a plaintiff must prove the existence of "a duty on the part of an allegedly negligent person to protect the plaintiff from injury, a failure to discharge the duty, and a resulting injury *proximately caused* by the breach of the duty." *Sadek I*, 2020 ND 194, ¶ 22 (emphasis in original) (quoting *Diegel v. City of West Fargo*, 546 N.W.2d 367, 370 (N.D. 1996)). Along with the elements of duty, breach, and injury, the plaintiff must prove proximate causation:

> If from the plaintiff's evidence it is as probable that the injury and damage of which the plaintiff complains resulted from a cause for which the defendant is not responsible as it is that such injury and damage resulted from a cause for which the defendant would be responsible, a prima-facie case of proximate cause has not been made and the plaintiff cannot recover, since plaintiff's recovery must be based upon more than mere speculation.

*Barbie v. Minko Constr., Inc.*, 2009 ND 99, ¶ 11, 766 N.W.2d 458 (cleaned up) (quoting *Inv'r Real Estate Trust v. Terra Pacific Midwest, Inc.*, 2004 ND 167, ¶ 9, 686 N.W.2d 140).

[¶8] The Sadeks mischaracterize our holding in *Sadek I* as somehow determining the evidence proved Weber caused Andrew Sadek's death, and they argue they are entitled to summary judgment on the issue of whether Weber and Richland County owed a duty to Andrew Sadek. To support their

argument, they quote a sentence from our decision, which states: "On this record, insufficient evidence establishes that the Defendant's conduct proximately caused the death of Andrew Sadek." *Sadek I*, 2020 ND 194, ¶ 28. The Sadeks paraphrase this sentence as meaning: "the evidence, even if insufficient, establishes proximate cause."

[¶9]   Although the sentence is not a model of clarity, the Sadeks' argument ignores our lengthy explanation of why the evidence was insufficient to create a triable issue of fact as to the causation element. *See Sadek I,* 2020 ND 194, ¶¶ 29-31. We summarized our reasoning as follows:

> Because so little is known about the circumstances of Andrew Sadek's death, the possibilities as to how and when he died and who may be responsible for his death are manifest. Due to the lack of available evidence to suggest how, when, or even where Andrew Sadek died, a conclusion that his death was proximately caused by Defendants' acts or omissions would be based on speculation.

*Id.* at ¶ 31. We plainly held: "The district court did not err in dismissing the Sadeks' negligence claims as a matter of law." *Id.* at ¶ 32. The Sadeks' suggestion that our decision is the opposite of what we said is, in the words of the district court, "baffling and bizarre." To the extent the Sadeks claim they are entitled to summary judgment, we hold their argument is meritless. Nothing we have said here should be read to indicate N.D.R.Civ.P. 56 is available as a means of obtaining relief after a final judgment has been entered without the court otherwise granting relief from judgment.

### B

[¶10] North Dakota Rule of Civil Procedure 60 provides an avenue for obtaining post-judgment relief. The Sadeks specifically request relief under Rule 60(b), which allows a party to seek relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;

4

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

N.D.R.Civ.P. 60(b). A party requesting relief under Rule 60(b) bears the burden of establishing sufficient grounds for relief. *Allery v. Whitebull*, 2022 ND 140, ¶ 7, 977 N.W.2d 726. Rule 60 movants must provide "specific details" underlying their claim for relief. *DCI Credit Servs., Inc. v. Plemper*, 2021 ND 215, ¶ 8, 966 N.W.2d 904. We review decisions on Rule 60(b) motions for an abuse of discretion. *Davis v. Davis*, 2021 ND 24, ¶ 5, 955 N.W.2d 117. "An abuse of discretion by the trial court is never assumed and must be affirmatively established. An abuse of discretion is defined as an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court." *DCI*, at ¶ 7 (quoting *US Bank Nat. Ass'n v. Arnold*, 2001 ND 130, ¶ 23, 631 N.W.2d 150).

[¶11] In the district court, the Sadeks claimed they were entitled to relief under Rule 60(b) because the court "made a mistake by relying on the misrepresentations of the Defendants." The Sadeks now claim the district court, when denying their post-judgment motion, was "under the mistaken belief that there is no case, claim or cause of action pending upon which any judgment, summary or otherwise, can be rendered." As an initial matter, a motion for post-judgment relief based on mistake must be made within one year of notice of entry of the judgment. N.D.R.Civ.P. 60(c)(1). The Sadeks' motion was untimely. In addition, on appeal their allegations of "mistake" are different than those advanced in the district court. Nonetheless, we address

5

their argument because its baselessness is relevant to our later discussion of sanctions.

[¶12] The Sadeks appear to argue the dismissal judgment we affirmed in *Sadek I* was not final because the court did not issue an N.D.R.Civ.P. 54(b) finality certification. In their words, "the Judgment of Dismissal is not certified under Rule 54(b), nor does it direct entry of a final judgment as to one or more, but fewer than all, claims. If it had done so, the Court would have expressly determined that 'there is no just reason for delay.' That was not done in this case."

[¶13] Rule 54(b), N.D.R.Civ.P., authorizes a district court to direct entry of a judgment adjudicating fewer than all of the claims as final when there is "no just reason for delay." We will not consider orders or judgments deciding fewer than all of the claims "unless the district court has first independently assessed the case and determined that a certification under N.D.R.Civ.P. 54(b) is appropriate." *Whitetail Wave LLC v. XTO Energy, Inc.*, 2022 ND 171, ¶ 6, 980 N.W.2d 200 (quoting *James Vault & Precast Co. v. B&B Hot Oil Serv., Inc.*, 2018 ND 63, ¶ 9, 908 N.W.2d 108). Absent a finality certification, a district court's decision adjudicating fewer than all of the claims in a case does not end the action and it may be revised at any time before entry of a final judgment deciding all of the claims. N.D.R.Civ.P. 54(b).

[¶14] The Sadeks' apparent assertion that the district court made a "mistake" when it determined the dismissal judgment was final despite the absence of a Rule 54(b) certification is completely void of merit. Rule 54(b) applies when a judgment or order decides "one or more, but fewer than all, claims." It does not apply here because the dismissal judgment decided all of the claims in the case. The judgment we affirmed in *Sadek I* plainly states the case "is now concluded as all claims of the Plaintiffs have been dismissed." The Sadeks' allegations of mistake are groundless. To the extent the Sadeks request post-judgment relief under any other provision in N.D.R.Civ.P. 60(b), they have not provided adequate specificity or support. We hold the district court did not err when it denied the Sadeks' motion for post-judgment relief.

6

# III

[¶15] The Sadeks argue the district court erred when it issued sanctions. Under N.D.R.Civ.P. 11(b), by presenting filings to the court, an attorney or self-represented party certifies that to the best of their knowledge formed after a reasonable inquiry:

> (1) [the filings are] not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or are reasonably based on belief or a lack of information.

The district court may sanction an attorney for violating Rule 11(b). *See* N.D.R.Civ.P. 11(c). We review a court's decision to impose sanctions under the abuse of discretion standard. *Puklich v. Puklich*, 2022 ND 158, ¶ 16, 978 N.W.2d 668.

[¶16] Weber and Richland County moved for sanctions after the Sadeks filed their post-judgment motion. The Sadeks argue Weber and Richland County "should not have filed a motion for Rule 11 sanctions with the pending motion because it must be made separately." *See* N.D.R.Civ.P.11(c)(2) ("A motion for sanctions must be made separately from any other motion"). The Sadeks' argument is not supported by the record, which clearly shows the Appellees filed and served an independent Rule 11 motion and brief on the Sadeks' counsel. The Sadeks also argue sanctions were inappropriate because their post-judgment motion was warranted by existing law. However, as we have explained, their motion had no basis in law or fact. Sadeks' counsel disregarded provisions in our rules and ignored prior holdings in this case. We hold the

7

district court did not abuse its discretion when it sanctioned the Sadeks' counsel.

## IV

[¶17] We also conclude sanctions are warranted for this appeal. If an appeal is frivolous, we may award "just damages and single or double costs, including reasonable attorney's fees." N.D.R.App.P. 38. "An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which could be seen as evidence of bad faith." *Lucas v. Porter*, 2008 ND 160, ¶ 28, 755 N.W.2d 88 (quoting *Witzke v. City of Bismarck*, 2006 ND 160, ¶ 19, 718 N.W.2d 586). The Sadeks' counsel has persisted in her groundless arguments on appeal without even acknowledging, let alone explaining away, the obvious deficiencies pointed out by the district court. The Appellees have not submitted an affidavit documenting the work performed on appeal. Therefore, we limit our award of attorney's fees to a modest amount of $1,000 and double costs. *Matter of the Estate of Nelson*, 2021 ND 181, ¶ 3, 965 N.W.2d 407. These sanctions shall be assessed solely against the Sadeks' counsel, Attorney Overboe.

## V

[¶18] The Appellees' motion for sanctions is granted. The district court's order denying the Sadeks' post-judgment motion and the court's order sanctioning their attorney are affirmed.

[¶19] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr