# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2320

_____

Ellis Crossley,                                      *
                                                     *
          Appellant,                                 *
                                                     *     Appeal from the United States
     v.                                              *     District Court for the
                                                     *     Western District of Arkansas.
Georgia-Pacific Corporation,                         *
                                                     *
          Appellee.                                  *          [PUBLISHED]


_____

Submitted:   January 15, 2004
Filed: January 22, 2004

_____

Before MELLOY, BRIGHT, and HANSEN, Circuit Judges.

_____

PER CURIAM.

     Ellis Crossley filed this Title VII action against his employer, Georgia-Pacific Corporation, alleging race discrimination and retaliation for filing prior litigation. After granting summary judgment to Georgia-Pacific on the race discrimination claims, the district court[1] granted Georgia-Pacific's renewed summary judgment motion on the retaliation claim.  Specifically, the district court concluded that

_____

[1]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

Crossley's attachment of the full transcripts of six depositions to his resistance to summary judgment failed to meet his burden under Federal Rule of Civil Procedure 56(e) to set forth specific facts showing that there is a genuine issue for trial. Crossley appeals the grant of summary judgment only on the retaliation claim. We affirm the district court's judgment.

In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden "to designate specific facts creating a triable controversy." Jaurequi v. Carter Mfg. Co., 173 F.3d 1076, 1085 (8th Cir. 1999) (internal marks and citation omitted); see Fed. R. Civ. P. 56(e). Once Georgia-Pacific offered a legitimate, nondiscriminatory reason for the actions complained of, Crossley had the burden to identify specific facts in the record showing that the offered reason was merely pretext and that illegal retaliation was the true motivating factor. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000) (discussing the McDonnell Douglas burden shifting analysis). In his response to Georgia-Pacific's motion, Crossley attached the full transcripts from six depositions and argued that his retaliation claim could be understood only upon a full reading of the depositions. Merely attaching six complete depositions to his response and inviting the district judge to read them in their entirety, without designating which specific facts contained therein created a genuine issue as to pretext or established a reasonable inference of retaliation, did not meet the Rule 56 specificity requirement. See Jaurequi, 173 F.3d at 1085 ("[A] district court is not 'obligated to wade through and search the entire record for some specific facts which might support the nonmoving party's claim.'") (internal citation omitted); Ragas v. Tenn. Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998) ("'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'") (internal citation omitted); c.f. United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Accordingly, we affirm the judgment of the district court.

_____