# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3641

_____

| | | |
|---|---|---|
| Larry Wayne Jones, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Arkansas. |
| Correctional Medical Services, Inc.; | * | |
| Sandra Stratton, Health Services | * | [UNPUBLISHED] |
| Administrator, Varner Unit, ADC; | * | |
| Donna Gordon, Director of Nursing, | * | |
| Varner Unit, ADC, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: November 30, 2009
Filed: December 3, 2009

_____

Before BYE, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Larry Wayne Jones appeals the District Court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action. Upon de novo review of the record, we agree with the District Court that there were no trialworthy issues on Jones's deliberate-indifference claims based on alleged delays in scheduling him for

_____

[1]The Honorable William R. Wilson, United States District Judge for the Eastern District of Arkansas.

visits in the chronic-care clinic and in refilling his prescription medications.[2] See Roe v. Crawford, 514 F.3d 789, 793 (8th Cir.) (standard of review), cert. denied, 129 S. Ct. 109 (2008); see also Laughlin v. Schriro, 430 F.3d 927, 929 (8th Cir. 2005) (noting that when an inmate bases his Eighth Amendment claim on delays in medical treatment, he must offer verifying medical evidence establishing the detrimental effect of those delays), cert. denied, 549 U.S. 927 (2006); Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004) (per curiam) (observing that the burden on a party resisting summary judgment is to designate specific facts creating a trialworthy controversy).  Accordingly, we affirm.  See 8th Cir. R. 47B.

_____

[2]Jones has abandoned some claims, see Griffith v. City of Des Moines, 387 F.3d 733, 739 (8th Cir. 2004), and we decline to consider arguments and allegations he raises for the first time on appeal, see Stone v. Harry, 364 F.3d 912, 914–15 (8th Cir. 2004).