Jensen, Justice.
 

 [¶1] The State appeals from the district court's order granting summary judgment to Ronald Newhauser in a forfeiture proceeding. We affirm the district court's order.
 

 I
 

 [¶2] In February 2015, officers seized $3,260 in United States currency from Newhauser. Newhauser was a passenger in a vehicle where police discovered methamphetamine and other paraphernalia. Newhauser was charged in connection with this stop in district court, but those charges were later dismissed because of federal charges relating to the incident against Newhauser.
 

 [¶3] The State served Newhauser in this forfeiture action in September 2017. Newhauser moved for summary judgment, which he supported with an affidavit. In his affidavit, Newhauser admits the $3,260 was in his wallet and officers seized it as part of the traffic stop. Newhauser also said he obtained the $3,260 from his social security disability income and savings from working occasionally for a contractor. The State responded to Newhauser's motion, but it did not support its response with any affidavits or other evidence. In its response, the State argued Newhauser raised factual questions through his affidavit requiring an evidentiary hearing. The State never scheduled a hearing on the motion for summary judgment.
 

 [¶4] The district court granted Newhauser's motion for summary judgment. The district court noted the State and Newhauser's arguments regarding the promptness of the action and lack of significant nexus between the property seized and offense committed. But the district court concluded the State failed to rebut any facts set forth by Newhauser in his affidavit. Because the State failed to present any evidence that created a genuine dispute of material fact, the district court granted Newhauser's motion for summary judgment without holding a hearing. The district court entered a judgment requiring the State to return the $3,260 to Newhauser. The State appeals.
 

 II
 

 [¶5] On appeal, the State argues the district court erred by not holding an evidentiary hearing on the forfeiture and granting Newhauser's motion for summary judgment. This Court reviews orders on motions for summary judgment as follows:
 

 In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law.
 

 Hokanson v. Zeigler
 
 ,
 
 2017 ND 197
 
 , ¶ 14,
 
 900 N.W.2d 48
 
 (quoting
 
 Tibert v. Nodak Mut. Ins. Co.
 
 ,
 
 2012 ND 81
 
 , ¶ 8,
 
 816 N.W.2d 31
 
 ). This Court has noted:
 

 The party moving for summary judgment has the burden of demonstrating there is no genuine issue of material fact. The party opposing the motion for summary judgment cannot rest upon mere allegations or denials in the pleadings, but must respond, showing there is a genuine issue for trial. Even if factual disputes exist between the parties, summary judgment is appropriate if the law is such that the resolution of the factual dispute will not change the result.
 

 State v. One Black 1989 Cadillac
 
 ,
 
 522 N.W.2d 457
 
 , 461 (N.D. 1994) (citations and quotation marks omitted). "Summary judgment is proper against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial."
 
 Dahlberg v. Lutheran Soc. Servs.
 
 ,
 
 2001 ND 73
 
 , ¶ 11,
 
 625 N.W.2d 241
 
 (citing
 
 Engel v. Montana Dakota Utils.
 
 ,
 
 1999 ND 111
 
 , ¶ 7,
 
 595 N.W.2d 319
 
 ).
 

 A
 

 [¶6] The State argues the district court erred by applying N.D.R.Civ.P. 56 to this contested forfeiture. Forfeiture proceedings are civil actions, and "[t]he procedure governing the proceedings, except as otherwise provided in this chapter, is the same as that prescribed for civil proceedings." N.D.C.C. §§ 19-03.1-36.2, 19-03.1-36.3. The procedure for forfeitures is as follows:
 

 If an answer is filed within the time limits in this chapter,
 
 the forfeiture proceedings must be set for hearing before the court. At the hearing, the state shall establish probable cause for instituting the forfeiture action
 
 following which any owner or person with a legal interest in the property to be forfeited who has filed an answer to the complaint has the burden of proving that the property to be forfeited is not subject to forfeiture under this chapter. If the court finds that the property is not subject to forfeiture under this chapter, the court shall order the property released to the owner or other person with a legal interest in the property as that person's right, title, or interest appears. The court shall order the property forfeited if it determines that such property or an interest therein is subject to forfeiture.
 

 N.D.C.C. § 19-03.1-36.6 (emphasis added). Section 19-03.1-36(1)(h), N.D.C.C., provides that certain property is forfeitable, including:
 

 All money, coin, currency, and everything of value furnished, or intended to be furnished, in exchange for a controlled substance in violation of this chapter or an imitation controlled substance in violation of chapter 19-03.2, and all real and personal property, assets, profits, income, proceeds, or an interest therein, acquired or derived from the unlawful purchase, attempted purchase, delivery, attempted delivery, manufacturing, or attempted manufacturing of any controlled substance or imitation controlled substance.
 

 [¶7] The State argues the district court prematurely shifted the burdens by applying N.D.R.Civ.P. 56, the rule governing summary judgment, to the proceeding. The State argues N.D.C.C. § 19-03.1-36.6 always requires the district court to hold a hearing, allowing the State to meet its burden at the hearing, if the forfeiture is contested. "The interpretation of a statute is a question of law that is fully reviewable on appeal. We begin with the statutory language, and give those words their plain, ordinary, and commonly understood meaning."
 
 State v. One 1990 Chevrolet Pickup
 
 ,
 
 523 N.W.2d 389
 
 , 392 (N.D. 1994) (citations and quotation marks omitted).
 

 [¶8] The plain language of N.D.C.C. § 19-03.1-36.6 requires the district court to schedule a hearing on contested forfeitures if the property owner answers the complaint. The plain language also requires the State to first meet its burden, at the hearing, before the burden shifts to the property owner. However, the North Dakota Rules of Civil Procedure apply, and a party against whom relief is sought may move for summary judgment under N.D.R.Civ.P. 56. The State argues a conflict exists between the procedures provided in N.D.C.C. § 19-03.1-36.6 and N.D.R.Civ.P. 56.
 

 [¶9] This Court has held that:
 

 Under N.D. Const. art. VI, § 3, this Court has the authority to promulgate the rules of procedure to be followed by all the courts of this state. We have explained the interplay between statutory procedures and rules promulgated by this Court, and we have said, " '[t]hat we possess the rule-making power does not imply that we will never recognize a statutory rule. We will recognize "statutory arrangements which seem reasonable and workable" and which supplement the rules we have promulgated....' "
 
 City of Fargo v. Ruether
 
 ,
 
 490 N.W.2d 481
 
 , 483 (N.D. 1992) (quoting
 
 State v. Vetsch
 
 ,
 
 368 N.W.2d 547
 
 , 552 (N.D. 1985) ). We have also said N.D. Const. art. VI, § 3" 'places "final authority over procedural rules" with our [C]ourt. Although statutorily-enacted rules of procedure which supplement the rules we have promulgated may remain in effect until superseded or amended by this [C]ourt[.] Article VI, Section 3, mandates that a court-promulgated procedural rule prevails in a conflict with a legislatively-enacted rule of procedure.' "
 
 Ruether
 
 , at 483, (quoting
 
 City of Fargo v. Dawson
 
 ,
 
 466 N.W.2d 584
 
 , 586 n. 1 (N.D. 1991) ) (citations omitted). In construing a procedural rule and a statute we will harmonize them whenever possible and the procedural statute will supplement our procedural rule.
 
 See
 

 Ruether
 
 , at 483, ;
 
 Traynor v. Leclerc
 
 ,
 
 1997 ND 47
 
 , ¶ 8,
 
 561 N.W.2d 644
 
 .
 

 State v. Ebertz
 
 ,
 
 2010 ND 79
 
 , ¶ 11,
 
 782 N.W.2d 350
 
 .
 

 [¶10] This Court has previously affirmed an order dismissing a forfeiture action before holding an evidentiary hearing.
 
 One Black 1989 Cadillac
 
 ,
 
 522 N.W.2d at 465-66
 
 . In
 
 One Black 1989 Cadillac
 
 , the property owner moved to dismiss the forfeiture action because the State failed to promptly institute the foreclosure proceedings and supported his motion with an affidavit.
 

 Id.
 

 at 460-61
 
 . The State also supported its motion with an affidavit, and this Court treated the dismissal as an order granting summary judgment.
 

 Id.
 

 at 460
 
 . The district court dismissed the State's complaint, finding the 174-day delay was not a prompt institution of the forfeiture action.
 

 Id.
 

 This Court concluded summary judgment was proper because the forfeiture action was not prompt as a matter of law.
 

 Id.
 

 at 466
 
 .
 

 [¶11] The two rules, N.D.C.C. § 19-03.1-36.6 and N.D.R.Civ.P. 56, can be harmonized. Reading the statute to supplement the rule, as this Court has previously acknowledged, summary judgment may be appropriate in a forfeiture proceeding.
 
 See
 

 One Black 1989 Cadillac
 
 ,
 
 522 N.W.2d at 460-61
 
 . The language of N.D.C.C. § 19-03.1-36.3 provides that forfeiture proceedings are governed by the North Dakota Rules of Civil Procedure. Therefore, the rule and statute, harmonized to work together, allow for summary judgment in forfeiture proceedings and do not prematurely shift the burden to the State.
 

 B
 

 [¶12] The State argues it requested a hearing and under both N.D.C.C. § 19-03.1-36.6 and N.D.R.Civ.P. 56, the district court was required to hold a hearing. This Court has stated:
 

 Rule 3.2, N.D.R.Ct., applies to all motion practices, unless a conflicting rule governs the matter.
 
 Paxton
 
 [
 
 v. Wiebe
 
 ],
 
 1998 ND 169
 
 , ¶ 13,
 
 584 N.W.2d 72
 
 . Under N.D.R.Ct. 3.2(a)(3), a court may decide routine motions on briefs without holding a formal hearing, unless a party requests one.
 
 Breyfogle v. Braun
 
 ,
 
 460 N.W.2d 689
 
 , 693 (N.D. 1990). If a party who timely served and filed a brief requests a hearing on a motion, then "such a hearing must be held and it is not discretionary with the trial court."
 
 Anton v. Anton
 
 ,
 
 442 N.W.2d 445
 
 , 446 (N.D. 1989). "[T]he party requesting oral argument must secure a time for the argument and serve notice upon all other parties."
 
 Matter of Adoption of J.S.P.L.
 
 ,
 
 532 N.W.2d 653
 
 , 657 (N.D. 1995). A request for oral argument is not complete until the requesting party has secured a time for oral argument.
 
 Bakes v. Bakes
 
 ,
 
 532 N.W.2d 666
 
 , 668 (N.D. 1995).
 

 Desert Partners IV, L.P. v. Benson
 
 ,
 
 2014 ND 192
 
 , ¶ 18,
 
 855 N.W.2d 608
 
 . The State requested a hearing, and it also had the burden to set that hearing. Nothing in the record indicates the State scheduled a hearing on the motion for summary judgment. The district court is not required to set a hearing on a motion for summary judgment in all cases. The State presented no reason why it needed to hold a hearing, nor did it set a hearing with the district court. Therefore, the district court did not err by not holding a hearing on the motion for summary judgment.
 

 C
 

 [¶13] Because we have concluded that summary judgment may be appropriate in a forfeiture action and the State failed to set a hearing, the remaining issue is whether the district court properly granted summary judgment to Newhauser. The State argues Newhauser's answer and motion created a genuine issue of material fact, making summary judgment inappropriate. We conclude the State failed to support its position with competent admissible evidence, and we will not search the record for evidence that the State met its burden.
 

 [¶14] The State failed to provide an affidavit or other competent admissible evidence showing there was probable cause to believe the $3,260 was forfeitable property as defined in N.D.C.C. § 19-03.1-36(1)(h). This Court has acknowledged:
 

 A party resisting a motion for summary judgment has the responsibility of presenting competent admissible evidence by affidavit or other comparable means, N.D.R.Civ.P. 56(e) ;
 
 Spier v. Power Concrete, Inc.
 
 ,
 
 304 N.W.2d 68
 
 (N.D. 1981) ; and, if appropriate, drawing the court's attention to evidence in the record by setting out the page and line in depositions or other comparable document containing testimony or evidence
 raising a material factual issue, or from which the court may draw an inference creating a material factual issue.
 

 In summary judgment proceedings the trial court has no legal obligation, judicial duty, or responsibility to search the record for evidence opposing the motion for summary judgment.
 

 First Nat'l Bank of Hettinger v. Clark
 
 ,
 
 332 N.W.2d 264
 
 , 267 (N.D. 1983). In
 
 Clark
 
 , this Court concluded the record indicated no pertinent evidence resisting a summary judgment motion, which implicitly left "the presumption that no such evidence exists."
 

 Id.
 

 at 268
 
 .
 

 [¶15] Under the facts before the district court, the State has the initial burden to show there was probable cause for the forfeiture action. N.D.C.C. § 19-03.1-36.6. This Court has stated:
 

 Probable cause is only a minimal, threshold burden. This burden requires the State to establish only that reasonable grounds exist to believe that the property was "probably connected with criminal activity." This level of proof is greater than mere suspicion, but is less than that needed to convict for the suspected crime.
 

 One 1990 Chevrolet Pickup
 
 ,
 
 523 N.W.2d at 394
 
 (citations omitted).
 

 [¶16] The State did not argue that Newhauser's affidavit met the State's burden to show the $3,260 was probably connected with criminal activity to the district court. We are not ferrets and are not obligated to engage in unassisted searches to support the State's position.
 
 See
 

 Earnest v. Garcia
 
 ,
 
 1999 ND 196
 
 , ¶ 10,
 
 601 N.W.2d 260
 
 . Additionally, this Court has noted that summary judgment is appropriate when a party will be unable to prove an essential element at trial.
 
 Dahlberg
 
 ,
 
 2001 ND 73
 
 , ¶ 11,
 
 625 N.W.2d 241
 
 . Here, summary judgment was proper because the State failed to make a showing sufficient to establish the existence of an element essential to its case and on which the State would bear the burden of proof at a hearing. The district court did not err in granting summary judgment because the State failed to provide competent admissible evidence showing it could establish that reasonable grounds existed to believe the $3,260 was probably connected with criminal activity and forfeitable as defined in N.D.C.C. § 19-03.1-36(1)(h).
 

 III
 

 [¶17] We affirm the district court's order granting summary judgment to Newhauser.
 

 [¶18] Jon J. Jensen
 

 Lisa Fair McEvers
 

 Daniel J. Crothers
 

 Jerod E. Tufte
 

 VandeWalle, Chief Justice, concurring in the result.
 

 [¶19] I concur in the result reached by the majority opinion. While I am concerned the State may have been misled by the requirement of a hearing in N.D.C.C. § 19-03.1-36.6, and the fact the State requested but did not set a hearing, once the defendant filed a motion for summary judgment it was apparent that the summary-judgment procedure became operative and I agree with the majority's analysis.
 

 [¶20] I write separately to note that the sum of money which is the subject of the forfeiture action alone might be sufficient to withstand a motion for summary judgment. The sum of $3,260.00 may not be an unusually large amount of money and might be explained by the defendant's affidavit, thus requiring additional evidence from the State. But, if the sum were, for
 an extreme example, $300,000.00
 
 ,
 
 and the same affidavit was filed by the defendant, I believe summary judgment would have been improperly granted, notwithstanding the absence of further evidence by the State. In such an instance, I submit the sum to be forfeited alone would be evidence from which the court could draw an inference creating a material factual issue, notwithstanding the defendant's affidavit and the lack of further evidence from the State.
 
 See
 
 N.D.C.C. § 19-03.1-23.3(1)(a), establishing a statutory presumption of forfeiture of currency in excess of $10,000 under certain circumstances.
 

 [¶21] Gerald W. VandeWalle, C.J.