# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2018 ND 247

Johnston Law Office, P.C., a North Dakota
professional corporation,

Plaintiff and Appellant

v.

Jon Brakke, an attorney at law, and Vogel
Law Firm, Ltd., a North Dakota professional
corporation,

Defendants and Appellees

No. 20180029

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Gary H. Lee, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

David C. Thompson (argued) and DeWayne A. Johnston (appeared), Grand Forks, ND, for plaintiff and appellant.

Stephen F. Rufer (argued) and Ryan D. Fullerton (appeared), Fergus Falls, MN, for defendants and appellees.

**Crothers, Justice.**

[¶1]    The Johnston Law Office appeals from a judgment dismissing its claims against Jon Brakke and Vogel Law Firm (collectively "Vogel"). Johnston argues the district court erred in granting summary judgment and dismissing its claims. We affirm.

I

[¶2]    Vogel represented PHI Financial Services, Inc. in an action against Johnston to recover damages for a fraudulent transfer. The district court entered judgment against Johnston for $167,203.24 in that action. Our decisions in *PHI Fin. Servs., Inc. v. Johnston Law Office, P.C.*, 2016 ND 20, 874 N.W.2d 910, and *PHI Fin. Servs., Inc. v. Johnston Law Office, P.C.*, 2016 ND 114, 881 N.W.2d 216, set out the factual background of that action.

[¶3]    In April 2016 Johnston sued Vogel for tortious interference with a business relationship, tortious interference with attorney-client business relationships, and abuse of process. Johnston alleged Vogel violated state law while attempting to execute on the judgment entered against Johnston in *PHI Fin. Servs. v. Johnston Law Office*. Johnston claimed Vogel improperly attempted to garnish funds from Johnston's IOLTA lawyer trust account, operating account and fees owed by Johnston's clients, and Vogel's unlawful actions interfered with Johnston's business relationships with its lending bank and clients.

[¶4]    In July 2017 Vogel moved for summary judgment. Vogel alleged it was undisputed they served Johnston's clients with garnishment summons and garnished Johnston's bank accounts on behalf of PHI Financial, but no money was ever recovered as a result of the garnishments. Vogel argued Johnston was unable to prove

the required elements of its claims and Vogel was entitled to summary judgment dismissal of the claims. Johnston opposed the motion.

[¶5] Vogel also moved to quash a subpoena duces tecum Johnston served on PHI Financial seeking billing information between Vogel and PHI Financial. Vogel argued PHI Financial was not a party to this action, Johnston was seeking disclosure of privileged information, Vogel's billing statements for PHI Financial were not relevant to any claim or defense, and the subpoena placed an undue burden on PHI Financial. Johnston opposed the motion.

[¶6] The district court granted Vogel's motion for summary judgment and dismissed Johnston's claims. The court concluded summary judgment was appropriate on the claim of interference with a business relationship because Johnston failed to present any evidence Vogel's attempts to garnish Johnston's accounts proximately caused the lending bank to sever its business relationship with Johnston, or that any actual damages were caused by Vogel's interference. The court granted summary judgment dismissing Johnston's interference with attorney-client business relationship claim, concluding Johnston failed to produce evidence of an independent tortious or unlawful action, evidence of harm proximately caused by Vogel's acts or evidence of actual harm. The court also dismissed Johnston's abuse of process claim, stating that Vogel violated N.D.R.Civ.P. 62 by garnishing Johnston's bank accounts, but that Johnston failed to provide evidence of actual damages. The court also determined Vogel's motion to quash the subpoena duces tecum was moot.

II

[¶7] Summary judgment is a procedural device "available for promptly and expeditiously disposing of a controversy without a trial if there is no dispute as to either the material facts or the inferences to be drawn from the undisputed facts, or whenever only a question of law is involved." *First Nat'l Bank of Hettinger v. Clark*, 332 N.W.2d 264, 267 (N.D. 1983). The moving party has the initial burden of showing there are no genuine issues of material fact and it is entitled to judgment as

2

a matter of law. *Barbie v. Minko Constr., Inc.*, 2009 ND 99, ¶ 5, 766 N.W.2d 458. If the moving party meets its initial burden, the opposing party may not rest on mere allegations or denials in the pleadings, but must present competent admissible evidence to show the existence of a genuine issue of material fact. *Id.* at ¶ 6.

[¶8]   "Rule 56 requires the entry of summary judgment against a party who fails to establish the existence of a material factual dispute as to an essential element of the claim and on which the party will bear the burden of proof at trial." *Barbie*, 2009 ND 99, ¶ 6, 766 N.W.2d 458. "When no pertinent evidence on an essential element is presented to the trial court in resistance to the motion for summary judgment, it is presumed that no such evidence exists." *Id.* (quoting *Riemers v. City of Grand Forks*, 2006 ND 224, ¶ 8, 723 N.W.2d 518). Speculation is not enough to defeat a motion, and a scintilla of evidence is not sufficient to support a claim. *Barbie*, at ¶ 6.

[¶9]   On appeal from a district court's order granting summary judgment we view the evidence in the light most favorable to the party opposing the motion and give that party the benefit of all favorable inferences which can be reasonably drawn from the record. *Barbie*, 2009 ND 99, ¶ 5, 766 N.W.2d 458. We also decide whether the information available to the court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. *Id.* Whether summary judgment was properly granted is a question of law, which we review de novo on the entire record. *Id.*

III

[¶10]  Johnston argues the district court erred in granting summary judgment on its claim Vogel unlawfully interfered with the business relationship with its lending bank. Johnston contends the court erred by failing to consider the sworn statements of DeWayne Johnston, the president of the law firm, about the firm's injury and damages.

[¶11]  North Dakota recognizes a tort action for unlawful interference with a business relationship. *Trade 'N Post, L.L.C. v. World Duty Free Americas, Inc.*, 2001 ND 116,

¶ 36, 628 N.W.2d 707. To prevail on a claim the plaintiff must prove the following essential elements:

> "(1) [T]he existence of a valid business relationship or expectancy; (2) knowledge by the interferer of the relationship or expectancy; (3) an independently tortious or otherwise unlawful act of interference by the interferer; (4) proof that the interference caused the harm sustained; and (5) actual damages to the party whose relationship or expectancy was disrupted."

*Id.*

[¶12] The district court held it was undisputed Johnston had a valid business relationship with the bank and Vogel knew of the relationship. The court assumed for purposes of its decision that Vogel committed an independent or otherwise unlawful act by attempting garnishment in violation of N.D.R.Civ.P. 62, and that the garnishment interfered with Johnston's relationship with the bank by requiring the bank to respond to the wrongful garnishment proceeding. However, the court concluded Johnston failed to establish a genuine issue of material fact on the two remaining elements. The court explained that Johnston asserted the bank severed its relationship with Johnston as a result of the garnishment but it only offered the "self-serving" statements of DeWayne Johnston, which were "nothing more than hearsay." The court concluded Johnston was required to show actual, real loss, but failed to present evidence of any damage.

[¶13] Johnston argues the court ignored favorable inferences from the evidence, including testimony in DeWayne Johnston's affidavit that the firm's lending relationship with the bank was severed as a result of Vogel's misconduct. Johnston claims the United States Supreme Court has held evidence submitted opposing a motion for summary judgment need not be admissible at trial, and any evidence presented should be believed.

[¶14] Under N.D.R.Civ.P. 56(e)(1), an affidavit opposing summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." "Hearsay statements are generally not admissible and will not be considered in deciding a

4

motion for summary judgment unless the statements fall within an exception to the hearsay rule." *Alerus Fin., N.A. v. Erwin*, 2018 ND 119, ¶ 20, 911 N.W.2d 296 (quoting *Markgraf v. Welker*, 2015 ND 303, ¶ 13, 873 N.W.2d 26). Hearsay is a statement the declarant makes outside of the current hearing or trial and is offered to prove the truth of the matter asserted. *Alerus,* at ¶ 20; *see also* N.D.R.Ev. 801(c).

[¶15] DeWayne Johnston's affidavit states:

> "8. That due to the aggressive and unlawful acts of the defendant's [sic] in the form of the unprecedented violative use of the 'Garnishee Summons and Continuing Lien' [Johnston] has been informed that it will not be offered any new credit and in essence the lending relationship previously enjoyed by [Johnston] and DeWayne Johnston, its president has been severed due to the actions of the defendants.

> "9. That in conversation with [the bank] it was discovered that Mr. Brakkes' repetitious and highly charged use the 'Garnishee Summons and Continuing Lien' as a tool to alienate the bank from its customer—in this case [Johnston]—based upon the cost and liability associated with the requisite response to any Garnishee Summons and high potential of liability due many times to an inadvertent non-compliance in light of the legal requirements of Disclosure and Capture of the funds that may be subject to any 'Garnishee Summons and Continuing Lien' as required by law outweighs the value of a continuing relationship."

[¶16] DeWayne Johnston's affidavit stated that he "has been informed" and that he discovered "in a conversation with [the bank]." DeWayne Johnston proffers information in his affidavit about statements made to him by a bank employee. The statements were offered to prove the truth of the matter asserted, namely that the bank severed its relationship with Johnston because of Vogel's actions. The affidavit contains hearsay, and Johnston does not claim any exceptions to the hearsay rule apply. The court did not err by failing to consider these statements.

[¶17] In its brief opposing Vogel's motion for summary judgment, Johnston alleged it was "prepared to present evidence of actual damages which were proximately-caused by [Vogel's] interference with [Johnston's] business relationship with its lender." Johnston does not argue it presented other evidence about actual damages related to its claim.

5

[¶18] Johnston failed to present competent admissible evidence showing the existence of a genuine issue of material fact on the essential elements of its claim of interference with its business relationship with the bank. We conclude the district court properly granted summary judgment dismissing this claim.

IV

[¶19] Johnston argues the district court erred in dismissing its claim of intentional interference with an attorney-client business relationship. Johnston argues Vogel intentionally interfered with the business relationship between Johnston and its clients by improperly serving the clients with garnishment summonses.

[¶20] The district court concluded summary judgment was appropriate on Johnston's claim of intentional interference with an attorney-client business relationship. The court explained that the first two elements of the claim were established, but that no evidence established a genuine issue of material fact on the other elements. The court explained no evidence established Vogel committed an independent tortious or otherwise unlawful act that interfered with Johnston's relationship with its clients. The court concluded Vogel's contact with Johnston's clients was not prohibited by N.D.R. Prof. Conduct 4.2 because the rule prohibits attorney contact with persons represented by counsel "in the matter," and Vogel contacted Johnston's clients for purposes unrelated to the legal matter in which the client retained Johnston. The court also concluded Vogel was not required under N.D.C.C. § 32-09.1-04 to provide Johnston with ten days' notice before issuance of the garnishee summons. The court held the notice requirement only applies if the garnishment summons is directed to an employer to withhold an employee's wages, attorney fees are not wages, and therefore notice was not required. The court also concluded no conversion occurred because a garnishment requires the garnishee retain the property or money of the judgment debtor, nothing is taken until a writ of execution is served on the garnishee, and none of these events occurred in this case. The court also ruled Johnston did not present evidence establishing that harm was proximately caused by Vogel's acts, and

6

Johnston did not offer any evidence showing actual harm. The court stated Johnston did not show any clients terminated their relationship with Johnston as a result of the garnishment, nor did Johnston attempt to show its legal business had declined as a result of the attempted garnishment.

[¶21] Johnston argues Vogel committed independent tortious or otherwise unlawful acts that interfered with the attorney-client relationship, including violating N.D.R. Prof. Conduct 4.2, failing to give Johnston ten days' notice of the proposed garnishment as required by N.D.C.C. § 32-09.1-04, and conversion. Johnston contends the district court misinterpreted N.D.C.C. § 32-09.1-04(1) by concluding the statute does not apply to a lawyer's fees. Johnston also claims Vogel violated N.D.R.Prof. Conduct 4.2 by serving garnishee summons on Johnston's clients, and Vogel's wrongful garnishments of Johnston's funds in the hands of Johnston's clients constituted conversion.

[¶22] Even if we agreed with Johnston's arguments, Johnston did not present evidence raising a genuine issue of material fact on the other elements of the claim. Johnston does not argue the district court erred in concluding it failed to present any evidence to establish that Vogel's actions were the proximate cause of any harm or that there were actual damages.

[¶23] Johnston argued in its brief opposing summary judgment that one of its clients was awoken during the night by a process server and the process server damaged a thermal-sealed glass patio door. Johnston also alleged it was "prepared to present proof that [Vogel's] interference has caused (and will continue to cause) damage and harm to [Johnston], as [Vogel] continue[s] to improperly seek garnishment upon monetary proceeds due to [Johnston] as attorney's fees . . .; and proximately-caused by [Vogel's] interference with [Johnston's] business relationship with its clients." DeWayne Johnston's affidavit stated that one client who was served "indicated it was very unsettling to have a process server wake him by pounding on his door in dark[.]"

[¶24] Johnston did not allege it sustained any harm or that it was actually damaged. Johnston relied on conclusory statements it would present proof of essential elements

7

of the claim. Conclusory allegations are insufficient to raise a genuine issue of material fact. *See Perius v. Nodak Mut. Ins. Co.*, 2010 ND 80, ¶ 18, 782 N.W.2d 355. Because Johnston failed to establish the existence of a material factual dispute as to essential elements of its claim of interference with attorney-client business relationships, the district court did not err in granting summary judgment and dismissing the claim.

V

[¶25] Johnston argues the district court erred by granting summary judgment on its abuse of process claim.

[¶26] Abuse of process is described as "One who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process." *Wachter v. Gratech Co., Ltd.*, 2000 ND 62, ¶ 33, 608 N.W.2d 279 (quoting *Stoner v. Nash Finch, Inc.*, 446 N.W.2d 747, 751 (N.D. 1989)). The essential elements are: "first, an ulterior purpose, and second, a willful act in the use of the process not proper in the regular conduct of the proceeding." *Wachter*, at ¶ 33 (quoting *Stoner*, at 751). The plaintiff also must show actual damages suffered as a result of the abuse of process. *Wachter*, at ¶ 34.

[¶27] The district court granted summary judgment on Johnston's abuse of process claim. The court stated Johnston alleged Vogel abused process by serving garnishment summons on the bank in violation of N.D.R.Civ.P. 62, and by serving garnishment summons upon Johnston's clients without giving Johnston the ten-day notice required by N.D.C.C. § 32-09.1-04. The court concluded Vogel was not required to give ten days' notice under N.D.C.C. § 32-09.1-04 before initiating garnishment proceedings against Johnston's clients, a party may pursue garnishment to collect on a judgment, and there was no abuse of process with regard to the garnishment of Johnston's clients. The court concluded Vogel violated the automatic stay provision of N.D.R.Civ.P. 62, and whether the garnishment was done for some

8

ulterior reason was a fact question for the jury, but no evidence showed the abuse may have caused actual damage. The court explained Johnston did not offer any statements about damages in DeWayne Johnston's affidavit even though the issue was raised in Vogel's motion and brief, and Johnston did not offer any information in its discovery responses and objected to discovery seeking an explanation of any damages. The court noted Johnston paid about $1,000 to the bank for legal fees the bank incurred responding to the garnishment, but Johnston did not show it was required to reimburse the bank.

[¶28] Johnston claims the court erred in granting summary judgment because Vogel violated state law by serving void garnishee summonses on the bank and Johnston's individual clients. Johnston argues the court concluded Vogel violated N.D.R.Civ.P. 62 and whether the garnishment was done for an ulterior reason was a question for the jury, but the court impermissibly ignored, or misconstrued, the factual record against Johnston by concluding it had not produced evidence of damages.

[¶29] The party moving for summary judgment has the initial burden of showing no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Barbie*, 2009 ND 99, ¶ 5, 766 N.W.2d 458. When the moving party does not have the burden of proof at trial on the claim and the non-moving party has had a reasonable time for discovery, the moving party's initial burden on summary judgment may be discharged "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Klose v. State*, 2008 ND 143, ¶ 9, 752 N.W.2d 192 (quoting *Steinbach v. State*, 2003 ND 46, ¶ 12, 658 N.W.2d 355); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "The [moving party] must show why the opponent's allegations of fact are insufficient to support the claim for relief as a matter of law or why the court should conclude that its opponent lacks sufficient evidence." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 4th*, § 2727.1, at p. 492 (2016). The moving party may not merely deny the allegations in

9

the opposing party's pleading or merely assert the opposing party lacks evidence to support its claim. *Id.* at 491-92.

[¶30] In summary judgment proceedings Vogel argued Johnston had ample time for discovery and failed to demonstrate actual damages for any of its claims. Vogel quoted Johnston's discovery answers objecting to Vogel's requests for Johnston to describe in detail and itemize its damages. Vogel also noted seven months passed since Johnston answered Vogel's discovery request and Johnston still failed to disclose evidence of damage. Vogel also asserted Johnston voluntarily paid the bank's legal fees and the bank had no legal right to collect the fees from any individual or entity.

[¶31] Vogel filed Johnston's answers to Vogel's interrogatories as an exhibit in support of their motion for summary judgment. In the interrogatories Vogel requested Johnston describe in detail and itemize its damages from the abuse of process alleged. Johnston objected to the interrogatory as being vague, ambiguous, overly broad, and as seeking information beyond the scope of permissible discovery. Johnston further stated, "Without waiving said objection, Plaintiff answers as follows: damage amounts are being prepared for presentation and dissemination in accordance with North Dakota law and will be disclosed in accordance with the [court's] scheduling and discovery orders." Johnston answered other requests for information about damages in a similar manner. We conclude Vogel met their initial burden by showing there was an absence of evidence on damages and Johnston's allegations were insufficient to support its claim.

[¶32] Because Vogel met their initial burden, Johnston could not rest on mere allegations or denials, and was required to present competent admissible evidence to show the existence of a genuine issue of material fact. *See Barbie*, 2009 ND 99, ¶ 6, 766 N.W.2d 458. The party opposing the motion must present "enough evidence for a reasonable jury to find for the plaintiff." *Id.* (quoting *Riemers*, 2006 ND 224, ¶ 7, 723 N.W.2d 518); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

10

[¶33]   Johnston argues there was evidence of damages, including sworn discovery answers outlining the expenditures it incurred related to the bank.  Johnston argued in its brief opposing the motion that evidence supported the first two elements of the abuse of process claim.  But Johnston did not address Vogel's argument that there was no evidence of damages.  Johnston objected to Vogel's interrogatories requesting information about its damages.  Johnston stated the damage amounts would be disclosed in accordance with the court's scheduling and discovery orders.  Johnston later filed supplemental answers to the interrogatories, which included documentation of Johnston's payments to the bank totaling $1,075 to reimburse the bank for legal fees incurred during the garnishment process.  The documentation included copies of the bank's bills from a law firm stating the bill was regarding "Garnishment Issue," and Johnston's checks to the bank for the bank's "legal fees."  The bank's attorney represented the bank and not Johnston, and Johnston never explained why it was required to reimburse the bank for the legal fees.  Johnston did not offer any argument about why it was responsible for these fees.  The evidence about amounts Johnston paid to the bank for reimburse of its legal fees was not evidence of damages for the abuse of process claim.

[¶34]   Johnston also claims the complaint and DeWayne Johnston's affidavit demonstrated the expenditures of substantial attorney time and resources to obtain injunctive relief in response to the improper seizure of funds in the IOLTA account, and the court ignored the actions Johnston was required to undertake to obtain a stay.

[¶35]   DeWayne Johnston alleged and stated in affidavit testimony that the bank seized the funds in Johnston's operating and IOLTA accounts as a result of Vogel's "Garnishee Summons and Continuing Lien," and that "it took Court intervention in the form of an order Quashing the 'Garnishee Summons and Continuing Lien' . . . to release those funds."  There was no other evidence about attorney fees or costs Johnston incurred related to the garnishment process, or about Johnston's time spent working on the matter.  The affidavit only contained a conclusory statement that court

11

action was required to release funds Johnston claims were improperly seized, and nothing about the actions Johnston took in responding to the garnishment.

[¶36] Johnston had the responsibility as the party resisting the motion to present competent admissible evidence raising a material factual issue or from which the court could draw an inference creating a material factual issue. See *State v. $3260.00 U.S. Currency*, 2018 ND 112, ¶ 14, 910 N.W.2d 839. "The non-moving party receives the benefit of all reasonable inferences supported by the evidence, but has 'the obligation to come forward with specific facts showing that there is a genuine issue for trial.'" *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1207 (8th Cir. 2013) (quoting *Dahl v. Rice Cty., Minn.*, 621 F.3d 740, 743 (8th Cir. 2010)). Affidavits must provide specific facts showing a genuine issue of material fact, and affidavits containing conclusory statements unsupported by specific facts are insufficient to raise a material factual dispute. *BTA Oil Producers v. MDU Res. Grp., Inc.*, 2002 ND 55, ¶ 49, 642 N.W.2d 873. DeWayne Johnston's affidavit is conclusory. Johnston had a reasonable amount of time to conduct discovery and present information about any damages from the alleged abuse of process, including the time the firm spent and expenses it incurred as a result of Vogel's actions. Johnston failed to present specific facts showing a genuine issue of material fact.

[¶37] Furthermore, Johnston did not raise this issue before the district court in opposing Vogel's motion for summary judgment in either its brief or during the hearing on the motion. In response to Vogel's argument that there was no evidence of any damages, Johnston argued during the summary judgment hearing that the evidence of its reimbursement of the bank's attorney fees and the bank's termination of its relationship with Johnston were evidence of its actual damages. Johnston did not argue that the time it spent responding to the garnishment process was evidence of its damages for the abuse of process claim. Arguments not made to the district court in opposing a motion for summary judgment will not be considered on appeal. *See Valentina Williston, LLC v. Gadeco, LLC*, 2016 ND 84, ¶ 23, 878 N.W.2d 397; *Evenson v. Quantum Indus., Inc.*, 2004 ND 178, ¶ 14, 687 N.W.2d 241.

12

[¶38]   Johnston had the burden to identify specific facts in the record showing it suffered actual damages as a result of the alleged abuse of process, and the court did not have a duty to search the record for evidence supporting Johnston's claim.  *See State v. $3260.00 U.S. Currency*, 2018 ND 112, ¶ 14, 910 N.W.2d 839; *Crossley v. Georgia-Pacific Corp.*, 355 F.3d 1112, 1114 (8th Cir. 2004).  We conclude the district court did not err in granting summary judgment and dismissing Johnston's abuse of process claim.

VI

[¶39]   Johnston argues the district court's order on the subpoena duces tecum served on PHI Financial precluded Johnston from any discovery of PHI Financial.  Johnston contends the court's decision is reversible error.

[¶40]   This Court reviews a district court's decision on a motion to quash a subpoena under the abuse of discretion standard.  *Martin v. Trinity Hosp.*, 2008 ND 176, ¶ 17, 755 N.W.2d 900.   The court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination.  *Id.*

[¶41]  Johnston argues it attempted to obtain important evidence through the subpoena and PHI Financial did not object to the subpoena.  Johnston claims the evidence was relevant because it would show the extent that Vogel was acting on behalf of PHI Financial when they took tortious actions against Johnston.  Johnston has not shown this information would have made a difference on the issues decided by summary judgment.   The district court concluded Johnston failed to present evidence of damages on its claims.  Nothing shows the information requested from PHI would have made a difference in the outcome of the case.  Therefore, the district court did not abuse its discretion by deciding the motion was moot.

VII

[¶42]  We have considered the parties' remaining issues or arguments and consider them to either be unnecessary to our decision or without merit.  We affirm the judgment.

[¶43]  Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Michael P. Hurly, D.J.
       Gerald W. VandeWalle, C.J.

[¶44]  The Honorable Michael P. Hurly, D.J., sitting in place of Jensen, J., disqualified.